## Oscar G. Mueller, Appellee, v. Jordon Shoe Company, Appellant.

1. MASTER AND SERVANT—*when doctrine of assumed risk precludes recovery by minor.* A boy. of the age of about 16 years who has operated a machine for upwards of a year and who is injured by reason thereof, if he has had sufficient opportunity to become familiar with the same and possesses sufficient intelligence to appreciate the dangers thereof, cannot recover.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not preclude recovery.* The doctrine of assumed risk will not preclude a. recovery where the violation of a statutory obligation is alleged as the basis of the action.

3. INSTRUCTIONS—*when refusal to direct verdict upon particular count not ground for reversal.* Notwithstanding there is no evidence to support a particular count, it is not reversible error to refuse to direct a verdict in favor of the defendant upon that count, if the jury upon special findings have indicated that they have found the defendant guilty upon both counts contained in the declaration, one of which was amply supported by the proof.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

DAN McGLYNN, for appellant.

WEBB & WEBB, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, a minor, by his next friend, brought this suit to recover damages for personal injuries received by him while in the employ of appellant.

The declaration contained two counts, one charging that on November 17, 1906, appellee, who was then under eighteen years of age, was employed by appellant in operating a large and complicated piece of machinery run by electricity, known as a Hercules leveling machine; that it was the duty of appellant to use reasonable care to protect the dangerous portions of said machine by means of a shield or covering or otherwise, to prevent appellee's feet being caught therein while said machine was being operated by him; that appellant failed to exercise reasonable care in that regard, and while appellee was running said machine in the exercise of due care, one of his feet was caught therein and seriously injured; the other charging a violation of that section of the Employment Act which forbids the employment of children under sixteen years of age in any employment "that may be considered dangerous to their lives or limbs."

The general issue was filed and the trial resulted in a verdict and judgment in favor of appellee for $2,000.

The proofs show that appellee was some three months over fifteen years of age at the time the injury complained of occurred; that he had been in the employ of appellant for about a year and a half before that time, seven months of which he had been daily engaged in operating the machine which caused the injury. This machine was held in an iron frame with two iron columns in front about six feet high and twenty-eight inches apart. Between these columns, a little above the floor, there was a bracket extending from one to the other and above the bracket at a convenient height for the operator, a shelf for his use. Above the shelf were two large crane-necked arms, which when in operation came forward some fourteen or fifteen inches beyond the front line of the uprights. On the end of each of these arms was a figure in the shape of a shoe last and above each was another arm, upon the end of which there was a die into which, when the upper and lower arms were pressed together, the shoe last fitted. The operator's

place was on a stool in front of the shelf, and his duty was to fit shoes upon the shoe last and then set the machine, which was run by electricity, in motion by pressing upon treadles with his feet. There were two of these treadles located near the floor, between and slightly to the front of the columns. Back of the bracket was a crank shaft, which when in operation, came towards and passed close behind the bracket. The distance between the crank shaft when nearest the bracket and the treadle, was about eight and one-half inches. At the time he was injured, appellee was sitting in front of the machine, the right hand treadle was up and his foot was off of it. He reached up for it with his foot and in doing so, in some manner raised the foot too high and placed it too far forward and it was caught between the iron bracket and the revolving shaft and his foot injured so that afterwards his great toe had to be amputated.

The jury stated in their verdict that they found defendant guilty on both counts of the declaration and appellant insists the verdict cannot be maintained as to the first count, because the proofs show that appellee was injured by one of the ordinary risks incident to his employment which he must, under the circumstances, be held to have assumed.

The uncontradicted evidence in the case shows that appellee had worked for appellant for a year and a half and at this machine for seven months; that he not only operated it in leveling the shoes but that it was part of his duty to and on occasion he did oil the machinery inside the frame. He therefore had every opportunity of becoming acquainted with the workings of the machinery, and under such circumstances, one of the most ordinary intelligence, must have been able to appreciate that it would be dangerous to place his foot between the bracket and the revolving crank shaft. No good reason appears why one of the age and apparent intelligence of appellee should not have been aware of a danger so obvious and apparent. We

are therefore of opinion that he must be held to have assumed the risk incident to his employment and that he should not be permitted to recover under the first count of this declaration.

What is above said does not however apply to the second count of the declaration which relies solely upon the statute forbidding the employment of children under sixteen years of age at any employment that may be considered dangerous to their lives or limbs. The question whether the employment in which appellee was engaged at the time of his injury, might be considered dangerous to his life or limbs, was one of fact to be determined by the jury, under proper instructions as to the law from the court.

The instructions upon the whole appear to us to have stated the law bearing upon the second count of the declaration, with substantial accuracy. We have been more concerned about the evidence, for the reason that while the proof is sufficient to sustain the jury in finding that the machine at which appellee was employed, might be considered dangerous to life and limb, and therefore warrant their finding in favor of appellee upon the second count, yet the evidence upon this subject was so intermingled with evidence introduced in support of the first count, that it was somewhat difficult to separate and apply the same. It appears to us however, from a careful examination of the record, that the evidence bearing upon the question whether the employment might be considered dangerous or not, was so clearly sufficient to justify the finding of the jury, we do not feel warranted in disturbing the same.

Counsel for appellant contends that the judgment in this case should not be permitted to stand for the reason that the court refused appellant's instruction offered at the close of appellee's case, and again after all the testimony was in, to find appellant not guilty as to the first count of the declaration, and gave instructions authorizing a verdict in favor of appellee upon either of the counts of the declaration. He cites in

support of his position, the opinion of this court in the case of East St. Louis Con. Ry. Co. v. Meeker, 119 Ill. App. 27. In that case the declaration upon which the case was tried had four counts, two of which charged wilfulness and wantonness on the part of the foreman of the appellant and the other two did not. The jury were told in the instructions, if they believed from a preponderance of the evidence, appellee had proved his case, as alleged in one or more counts of the declaration, they should find in his favor, and in pursuance thereof they found a general verdict in favor of Meeker. We there held that the charge of wilfulness was not sustained by the proofs and that the court below erred in giving instructions which authorized the jury to find for appellee under the counts which charged wilfulness. That case differs materially from the one under consideration here however, for the reason that the jury there gave a general verdict in favor of the plaintiff so that it was impossible to determine whether the verdict was found upon the counts of the declaration sustained by the evidence or upon those which this court held had not been sustained. In this case however the court especially instructed the jury at the request of appellant, if they found appellant guilty, to return with their general verdict a finding as to what count or counts they found the defendant guilty upon, and the verdict was "We the jury find the defendant guilty on both counts of the declaration." There was no uncertainty in this verdict, and it plainly found appellant guilty under the second count of the declaration, which as we have indicated, there was sufficient evidence to sustain.

The judgment of the court below will be affirmed.

*Affirmed.*