## J. George Smith v. Henry A. Foster, Adm'r, etc.

1. MASTER AND SERVANT—*Test of Liability—Dangerous Machinery.* —The fact that a machine may be dangerous if improperly used, or that it actually injures its operator, is not the test of the master's liability. If the machinery is of ordinary character and such as can with reasonable care be used without danger to the servant, it is all that can be required of the master.

2. SAME—*Negligence of the Servant in Failing to Follow Instructions.*—A servant who fails to follow his instructions in the performance of his service and is injured in consequence of such failure, is to be considered as guilty of negligence in contributing to his own injury.

3. PRACTICE—*Motions to Direct the Verdict.*—A motion by the defendant at the close of the plaintiff's case for an instruction to find the defendant not guilty, and a renewal of such motion at the close of all the evidence, is a proper practice, and preserves for review by the Appellate Court the legal question as to whether there was, or was not, any testimony before the jury tending to prove the plaintiff's case.

**Trespass on the Case.**—Death from negligence, etc. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed without remanding. Opinion filed January 15, 1901. Rehearing denied.

WALL & ROSS, attorneys for plaintiff in error; PERCY WERNER, of counsel.

F. W. BECKER, attorney for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Defendant in error, as administrator, sues to recover for the death of one Fred Gessman, claimed to have been caused by the negligence of plaintiff in error. The verdict of the jury found the defendant guilty and assessed damages. From the judgment entered accordingly this appeal is taken.

Smith v. Foster.

Deceased was engaged in operating an emery wheel, revolving at a high rate of speed. In front, and forming a groove upon either side of the wheel, was a rest-plate intended apparently to enable a casting to be held firmly and steadily during the grinding or polishing process. In front the rest-plate was adjustable, and could be moved toward or from the surface of the wheel as desired. The sides or jaws of the plate were, however, unadjustable, and far enough apart to admit wheels of different widths. The alleged negligence upon which the claim for recovery is based, is that the space on either side of the wheel was in this case so wide as to permit a small casting, such as the deceased was polishing at the time, to slip in between the wheel and side of the plate. It is averred that whereas an operator should stand, not in front, but at the side of the wheel, the deceased was young, inexperienced and ignorant of the danger owing to the negligence of plaintiff in error in failing to instruct and warn him. There is an averment that while the deceased was standing in front of the wheel, and with due care grinding a small casting, the latter was caught between the wheel and plate; that this burst the wheel, a piece of which struck the deceased and caused his death.

At the time of the accident, Gessman was smoothing or grinding a casting "about the size of an ivory domino," which required but little, nor long-continued, pressure against the wheel. While so engaged a fellow-workman near by, hearing a noise, looked up and saw the deceased falling. The wheel had burst, and a piece of it apparently struck Gessman in the forehead. No one was watching him at the time, and there is no direct testimony as to what caused the bursting. It is claimed by counsel for the administrator that there are marks on the broken wheel introduced in evidence and brought here for our inspection, which show that the small casting slipped from the fingers of the deceased and was caught between the rest-plate and the side of the revolving wheel, and that this must be regarded as the cause of the bursting. It is said that the

injury would not have occurred had the apertures at the side of the wheel been closed. We do not regard the marks referred to as furnishing conclusive or even satisfactory evidence that the bursting of the wheel was caused in the manner claimed. While there was apparently space at the sides of the wheel sufficiently wide to admit the small casting the deceased was holding, it is by no means clear that it did slip into such aperture. It would not be likely to drop in if held in the only proper way, according to the evidence, viz., against the front and not the side of the wheel. How the deceased was holding it no one can know. He was not using tongs which were provided for such purpose, but there is evidence that with such a casting, needing but a brief and slight pressure on the wheel to complete the finishing, it was not improper to hold it with the fingers. It is not disputed that the wheel and plate in question were the standard appliances in general use. The master had used reasonable care and prudence in providing instrumentalities which were ordinarily safe when properly used. In this he had performed the duty which the law required of him. Whitney v. O'Rourke, 172 Ill. 177, on page 185; Hart & Cooley Mfg. Co. v. Tima, 85 Ill. App. 310 (315). The fact that a machine may be dangerous if improperly used, or that it actually injures its operator, is not the test of liability. " If the machinery be of ordinary character, and such as can with reasonable care be used without danger to the employe, it is all that can be required from the employer." C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 48.

The danger in the present case seems to have been dependent upon the manner and care with which the wheel was operated. For use in the proper method and with due care, the responsibility of the master ceased when, as in this case, he employed a man experienced in its operation, or properly instructed how to handle it, and warned of the danger of improper methods. The evidence is uncontradicted that the deceased, when employed by plaintiff in error, had worked with emery wheels before, and claimed to be familiar with their use. He instructed a fellow employe how to use

Smith v. Foster.

the wheel by which he was injured, telling him how to stand, and how to hold the casting against the face and not the side of the wheel. He had used this same machine for several weeks prior to the accident, and had been, moreover, expressly warned after his employment by plaintiff in error of the danger in the use of an emery wheel. It is thus clear that the charge of negligence against the master in failing to instruct or warn the deceased of danger finds no support in the evidence, nor the principle of law applicable. There is no room here for any presumption that the deceased did not know of the danger attending an improper method of operating; and if there was sufficient space to allow the casting to slip between the side of the wheel and the plate if allowed to drop from his grasp, the fact and its possible consequences must have been as apparent to him as it could be to any one. What caused the explosion of the wheel the evidence does not satisfactorily reveal. But it was certainly not owing to any negligence, so far as appears, chargeable to the plaintiff in error.

It is alleged in the declaration, and the evidence sustains the statement, that the deceased was standing in front instead of at the side of the wheel. Had he stood at the side as he had been instructed, and as he instructed his fellow workman to do, it is apparent he would not have been struck, at least by the fragment which caused his death. His failure to so stand was surely negligence contributing to the injury. He voluntarily incurred a known danger, and assumed the risk. Penn Co. v. Lynch, 90 Ill. 333.

At the close of the plaintiff's case the defendant requested an instruction directing the jury to find the defendant not guilty, and the request having been denied, it was renewed at the conclusion of all the evidence. This was proper practice, and preserved for review here the legal question whether or not there was any testimony before the jury tending to prove the plaintiff's case. Peirce v. Walters, 164, Ill. 560 (565); Chicago G. W. Ry. Co. v. Mehan, 187 Ill. 281.

The judgment of the Circuit Court must be reversed without remanding.

Reversed without remanding.