**Henry Fortier, Plaintiff in Error, v. The Fair, Defendant in Error.**

**Gen. No. 14,939.**

1. CONTRIBUTORY NEGLIGENCE—*when not defense.* If a child under the age of sixteen years is injured in consequence of his employment in violation of the statute in an occupation "that may be considered dangerous" to his life and limbs, contributory negligence is no defense.

2. EMPLOYER'S LIABILITY ACT—*what not dangerous employment.* The fact that the employment required of a child under the age of sixteen years made it necessary for him to ride up and down an elevator once or twice a day, cannot be deemed necessarily and as a matter of law to constitute an employment dangerous to his life or limb.

3. EMPLOYER'S LIABILITY ACT—*when master not liable.* A master is not an insurer of the safety of his employes for injuries caused by their own negligence merely because they may have been under the age of sixteen years.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 1, 1910. Rehearing denied March 17, 1910.

HENRY S. WILCOX, for plaintiff in error; JESSE WILCOX, of counsel.

HANS L. HOWARD, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover for personal injury. Appellant was employed as an usher in the toy department of the defendant on the fourth floor of its building in Chicago. At the time of the accident, July 12, 1906, plaintiff had been so employed about two weeks. It is claimed in plaintiff's behalf that he was then fifteen years of age and inexperienced in the work. There is evidence, however, tending to show that at the time plaintiff was employed by defendant he represented himself to be sixteen years of age and that he had worked on Saturdays as a cash boy in another store for about a year while he was still going to school.

The work in which he was employed required plaintiff as a part of his duty to take goods sold in defendant's toy department from that department on the fourth floor to the eighth floor of the building, where they were packed or wrapped for delivery. In doing this plaintiff used a small truck to carry the goods in, which he pushed upon an elevator to be conveyed to the eighth floor. After they were there packed or wrapped, he put the goods back in the truck, which he pushed again upon the elevator to be taken back to the fourth floor, or to where they were to be delivered or shipped, the plaintiff riding with them upon the elevator. There is evidence tending to show that during his employment by defendant he was accustomed to make trips to the eighth floor and back, averaging one or two trips a day.

The accident in question occurred about fifteen days after plaintiff began work for the defendant. That day he took a truck load of goods to the eighth floor, and after the goods had been packed or wrapped and replaced on the truck he pushed the truck back to the elevator entrance on said eighth floor. The shaft in which the elevator ran up and down was enclosed. The

doors of the shaft were composed of heavy corrugated iron, and divided horizontally into two parts, which met at a height of about four feet from the floor, when the doors were closed. When opened the lower of the two parts slid downward and the other upward. It appears that on the eighth floor at that time the lock on these doors did not catch and this permitted one standing outside of the elevator on that floor to open the doors. There was no bell on that floor nor other means of stopping the elevator except by calling or making a noise on or with the doors of the elevator shaft. There is evidence tending to show that some of those on that floor were accustomed to open the doors sufficiently to put their heads into the opening and call for the elevator, a practice, however, of which the superintendent testifies he had no knowledge. At the time the plaintiff was ready to descend on the elevator at the time of the accident the doors were closed. Plaintiff's statement is, "I stuck my two hands between the doors and opened them just enough to put my head in there. I stuck my head in there to call the elevator, and the elevator struck me. I saw the elevator wasn't down and I went to take my head out of it as soon as it started and the elevator struck me." Plaintiff's scalp was cut and it is claimed that some nervous disorders resulted.

There is evidence tending to show that employes were forbidden to open the doors and put their heads in the shaft in this way, and that plaintiff had been warned not to do so; that other employes were in the habit of calling the operator through the closed doors and by rapping on or shaking them and otherwise making a noise, and that the operator had no difficulty in hearing them even when he was at the bottom of the shaft; that there was a small space between the doors at the top and bottom through which one waiting for the elevator could see up or down, and that there were electric lights in the shaft. There is evidence also tending to show the elevator was usually kept running

up and down continuously, stopping at the various floors except when already full. The elevator operator testifies that he had once before seen the plaintiff stick his head between the doors of the elevator on the eighth floor, three or four days before the accident, and had told him several times not to do it, that it was against the rules, and had threatened to report plaintiff to the superintendent if he did it again. Plaintiff denies that he had ever been warned or instructed by any one in authority how to call the elevator and denies that he had been warned by others. There is some conflict in the evidence as to whether one could see into the shaft at the top and bottom of the elevator doors on this floor without pushing the doors back slightly at top and bottom.

Two counts of the declaration are apparently based upon the statute providing that "no child under the age of sixteen years shall be employed at" (certain employments specifically mentioned) "nor shall they be employed in any capacity whatever in operating or assisting to operate any passenger or freight elevator; nor shall they be employed in any capacity whatever in the manufacture of goods for immoral purposes or any other employment that may be considered dangerous to their lives or limbs, or where their health may be injured or morals depraved." R. S. chap. 48, sec. 20j. It is assumed in plaintiff's behalf that the plaintiff was employed in violation of the statute in an occupation "that may be considered dangerous" to his life or limbs. If this is true then the defendant would be liable without regard to whether the injury was caused by contributory negligence of the plaintiff or whether he assumed the risk of injury. American Car Co. v. Armentraut, 214 Ill. 509-512; Swift v. Miller, 139 Ill. App. 192-196; Strafford v. Republic Iron Co., 238 Ill. 371-378. The jury were told by instructions given at the request of plaintiff's counsel that plaintiff would be entitled to recover regardless of negligence on his part if the jury should believe from the evidence that he was under sixteen years of age and that his em-

ployment was dangerous to his life or limb. The jury expressly found that he was under sixteen years of age, and by their general verdict found that the employment was not thus dangerous.

We are of opinion no other verdict could properly have been rendered under the evidence in this case. There is no evidence in this record to which our attention has been called tending to show the plaintiff's employment was dangerous to his life or limb within the meaning of the statute. The fact that the employment required plaintiff to ride up and down in an elevator once or twice a day cannot be deemed necessarily and as a matter of law to constitute it an employment dangerous to his life or limb. All means of transportation, whether in elevators, street cars, railroad trains, automobiles or even carriages drawn by horses, is attended with some chance of accident and injury. So are even the most harmless occupations. They are not, however, merely because of such chance of accident, rendered "dangerous to life or limb" in the statutory sense to one of plaintiff's years. He must be presumed to have been of ordinary intelligence for one of his age (Heimann v. Kinnare, 190 Ill. 156-161) and was not in fact injured while riding on the elevator pursuant to his employment, but by reason of his own act in putting his head under the descending elevator. This seems to have been done without the knowledge of his employer and there is evidence tending to show it was done in disobedience of orders and in disregard of warnings from other employes. This was certainly no part of his duty under his employment. We are of opinion plaintiff was not entitled in any event to recover under the counts of his declaration based upon the statute referred to.

If there was any liability on the part of the defendant it could only be based upon evidence of negligence on the part of the employer causing the injury. If there is evidence in the record tending to support such charge, the question is one of fact and must be deemed

to have been settled against the plaintiff by the verdict of the jury, whose province it is to settle controversies of fact.

Complaint is made of instructions, of alleged errors in the admission of testimony, and it is urged that the verdict is contrary to the weight of the evidence. What has been said sufficiently disposes of the last of these objections. As to the others, it must suffice to say we find no material or harmful error in the testimony complained of nor in the instructions, in view of the evidence. Each party was entitled to have the jury instructed with reference to such theory as the evidence justified. The master is not an insurer of the safety of his employes from injuries caused by their own negligence merely because they may be between fifteen and sixteen years of age. It was said in Smith v. Foster, 93 Ill. App. 138-140: "The master had used reasonable care and prudence in providing instrumentalities which were ordinarily safe when properly used. In this he had performed the duty which the law required of him. The fact that a machine may be dangerous if improperly used or that it actually injures * * * is not the test of liability. If the machinery be of ordinary character and such as can with reasonable care be used without danger to the employe, it is all that can be required from the employer." It is impossible to devise and operate powerful machinery which will not injure one who deliberately gets in its way, and when one does this, the fact that he is an employe and a minor not quite sixteen years old, does not of itself relieve him from the obligation of ordinary care to avoid dangers which he is able to know and appreciate.

Some of the instructions complained of may be subject to criticism but we find no substantial and harmful errors such as would justify a reversal of the judgment. It will therefore be affirmed.

*Affirmed.*