[No. 9540. Department One. June 1, 1911.]

NICK GLUCINA, *by his Guardian, Mike Glucina, Respondent,* v. GOSS BRICK COMPANY, *Appellant.*[1]

MASTER AND SERVANT—EMPLOYMENT OF CHILD UNDER AGE LIMIT—VIOLATION OF STATUTE—LIABILITY — DEFENSE. One who unlawfully employs a child under the age of fourteen years, prohibited by Rem. & Bal. Code, § 2447, assumes all the risk of personal injuries while he is engaged in the performance of the prohibited duties, regardless of contributory negligence; and in an action by the child, it is no defense that the father of the child misrepresented his age, or that the employer did not "knowingly" violate the statute, and exercised due care to ascertain the age of the child.

DAMAGES—EXCESSIVE VERDICT — LOSS OF HAND. A verdict for $8,500 for the loss of a right hand by a boy under fourteen years of age will not be set aside as excessive, where the trial court refused to interfere.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 14, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a youthful employee in a brick factory. Affirmed.

*F. S. Blattner, Fogg & Fogg,* and *Hudson, Holt & Harmon,* for appellant, contended, among other things, that the child labor statute is not violated unless the defendant knew, or in the exercise of reasonable care ought to have known, that the boy was under fourteen. *Kirkham v. Wheeler-Osgood Co.,* 39 Wash. 415, 81 Pac. 869; *Koester v. Rochester Candy Works,* 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. (N. S.) 783; *Marino v. Lehamaier,* 173 N. Y. 530, 66 N. E.

[1] Reported in 115 Pac. 843.

572, 61 L. R. A. 811.   A breach of the child labor law does not preclude the defense of contributory negligence.   26 Cyc. 109; 20 Am. & Eng. Ency. Law (2d ed.), p. 151; *Queen v. Dayton Coal & Iron Co.*, 95 Tenn. 458, 32 S. W. 460, 49 Am. St. 935, 30 L. R. A. 82; *Lee v. Sterling Silk Mfg. Co.*, 101 N. Y. Supp. 78; *Schmidt v. Printing Business of Bruen*, 56 Misc. Rep. 130, 106 N. Y. Supp. 443; *Sterling v. Union Carbide Co.*, 142 Mich. 284, 105 N. W. 755; *Darsam v. Kohlmann*, 123 La. 164, 48 South. 781, 20 L. R. A. (N. S.) 881; *Evans v. American Iron & Tube Co.*, 42 Fed. 519; *Jacobson v. Merrill & Ring Mill Co.*, 107 Minn. 74, 119 N. W. 510, 22 L. R. A. (N. S.) 309; *Barclay v. Puget Sound Lumber Co.*, 48 Wash. 241, 93 Pac. 430, 16 L. R. A. (N. S.) 140; *Olsen v. Tacoma Smelting Co.*, 50 Wash. 128, 96 Pac. 1036; *Ball v. Peterman Mfg. Co.*, 47 Wash. 653, 92 Pac. 425; *Kirby v. Wheeler Osgood Co.*, 42 Wash. 610, 85 Pac. 62; *Campbell v. Wheelihan-Weidauer Co.*, 45 Wash. 675, 89 Pac. 161.

*Govnor Teats, Hugo Metzler, Leo Teats, Ralph Teats,* and *Peter David*, for respondent.

MOUNT, J.—Action for personal injuries.   The respondnet, Nick Glucina, who was under the age of fourteen years, was employed by the appellant in a brick factory.   He was employed to operate a hoisting machine.   This machine consisted of a large wheel, called a bull wheel, to the axle of which a drum was attached.   A cable was wound upon the drum and was used in drawing cars filled with clay from a pit, along an inclined track, to about the point of the hoist. The bull wheel was operated by means of a friction pulley, which revolved upon the outer rim of the wheel.   This friction pulley was located on the right-hand side of the bull wheel, about level with the axle thereof.   On the opposite side of the bull wheel was a brake.   This brake and friction pulley were so connected together that, by the use of a lever with its fulcrum near the friction pulley, the pulley would be drawn

against the bull wheel, while the brake on the opposite side would be released, and *vice versa*. When the lever was raised to a vertical position, the friction wheel was released from the bull wheel and the brake was applied. When the lever was placed in a horizontal position, the friction wheel was applied and the brake was released. The friction wheel was in constant motion. The boy was employed to operate this lever. While in this employment, he caught his right hand either in the friction pulley or between the brake and the bull wheel. The result was the mangling of his hand so that it is of little use. This action was brought by his father, as guardian *ad litem*, to recover damages.

Two complaints were filed in the action. In the first complaint, it was alleged that the injury occurred by the hand being caught in the friction pulley while the car was being drawn up the incline. In the next complaint, it was alleged that the injury occurred by the hand being caught between the brake and the bull wheel while the car was going down the incline. At the trial the boy testified, through an interpreter, that the injury occurred in the last named! way. No one except the boy saw the accident. The complaint, in addition to the fact that the boy was under fourteen years of age, alleged that the defendant neglected to warn the boy of the dangerous condition of the place, or to caution him as to such dangers and hazards, and also that the defendant had neglected to guard the dangerous places upon the machine. The defendant for answer denied the allegations of the complaint, and pleaded that the boy assumed the risk and was guilty of contributory negligence. The defendant also pleaded, that the boy was employed at the urgent request of his father, who represented to the defendant that the boy was over the age of sixteen years and competent and able to do the work; that the defendant relied upon the representations made by the father and believed that the boy was, as he appeared to be, over the age of sixteen years; that the boy was employed solely by reason of the representations made and

the appearance of the boy, and not otherwise. The trial court sustained a demurrer to the last named affirmative defense.

During the trial of the case, the defendant offered to show that it had used care to ascertain the age of the boy, and had exercised good faith in giving the boy employment; and requested the court to instruct the jury to the effect that, if the defendant used care in order to determine the age of the boy, and had been informed by the boy's father that the boy was over fourteen years of age, and that, if the age and appearance of the boy were such as to lead the defendant to believe, and that if from these considerations the defendant did actually believe, that the boy was over the age of fourteen years at the time of the employment, then the defendant would not be guilty of a violation of the statute in employing the boy. The trial court denied this request and instructed the jury, in substance, that, if they found that the boy was under the age of fourteen years at the time of his employment or injury, and that he was employed to work in this mill or factory and was injured therein, the employment was unlawful; that the defendant assumed all the risk; that the defense of contributory negligence of the plaintiff was not available to the defendant; and that the representations made by the father as to the age of the boy were no defense to the action. The jury returned a verdict in favor of the plaintiff for $8,500. This appeal is prosecuted from the judgment entered upon the verdict.

The appellant argues that the court erred in sustaining the demurrer to the defense of good faith, and in instructing the jury to the effect that the good faith of the defendant in employing the boy was immaterial in the case. The statute makes it unlawful for any person to employ a male child under fourteen years of age in any factory, without the written permission thereto of a judge of the superior court of the county wherein such child may live. Laws 1909, p. 948, § 195 (Rem. & Bal. Code, § 2447. The same statute also

makes it unlawful for any person having the care, custody, or control of such child to permit such employment. It is obvious that the legislature, under its police power, sought to protect the lives and limbs of children in shops and factories by prohibiting such employment. In *Kirkham v. Wheeler-Osgood Co.*, 39 Wash. 415, 81 Pac. 869, we said:

"The manifest purpose of the act is to prohibt the employment of children in certain places, and the prohibition extends to all parties connected with the employment. The employment as well as the hiring out, is forbidden. An employer who knowingly employs or keeps in his employ a minor within the prohibited age, is guilty of a violation of the statute, and the employment itself is illegal. In the case at bar the minor was employed without the intervention of either parent or guardian, and if we adopt the views of counsel the act punishes only the child himself, the very person whom it sought to protect."

In that case at that time we used the word "knowingly," and counsel now argues that, without such knowledge, there is no guilt. But we are of the opinion that the employer must know at his peril that the person employed is over the prohibited age. In that same case we held that it was no defense that the child represented himself as being over fourteen years of age. And in *State v. Constatine*, 43 Wash. 102, 86 Pac. 384, 117 Am. St. 1043, which was a criminal prosecution for selling liquor to a minor, where the statute used the word "knowingly," we held that, if the bartender knew that the child was a minor, or had such information from his appearance or otherwise which would lead a prudent man to believe he was a minor, and if followed by inquiry must bring knowledge of that fact home to him, then the sale was made knowingly. See, also, *State v. McCormick*, 56 Wash. 469, 105 Pac. 1037.

In the statute now under consideration the word "knowingly" does not appear. It was used in *Kirkham v. Wheeler-Osgood Co.*, *supra*, upon the assumption that knowledge followed from the fact that the child was actually under that

age. We have no doubt that, if the father were suing for loss of services of the child, his representation that the child was sixteen years of age would estop him from saying otherwise at this time. But the fact that the father misled the appellant is no defense as against the child. Even if the appearance of the child indicated that he was over the age of fourteen years, that fact would not relieve the defendant, because the statute makes no such exception. It recites:

"Every person who shall employ any male child under the age of fourteen years at any labor whatever, in or in connection with, any store, shop, factory, . . . shall be guilty of a misdemeanor."

In the case of *American Car & Foundry Co. v. Armentraut,* 214 Ill. 509, 73 N. E. 766, which was a case similar to this, the supreme court of Illinois said:

"These instructions were refused, and it is argued that the appellant was not liable unless it appeared that it had knowingly violated this statute. The Dram-shop act forbids the sale of intoxicating liquors to minors. This court has held, under that statute, that it is immaterial whether the dram-shop keeper knew the purchaser to be a minor, and that it is no answer to say that the seller may be imposed upon and made to suffer the penalties of the law when he had no intention to violate its provisions. *McCutcheon v. People,* 69 Ill. 601. The reasoning which led to that conclusion obtains here. Appellant was, by the statute, permitted to employ in its shops only persons above the age of 14 years. It must ascertain, at its peril, that the persons it employs are members of the class of persons it may lawfully employ."

To the same effect also is the case of *Inland Steel Co. v. Yedinak,* 172 Ind. 423, 87 N. E. 229. In *Lenahan v. Pittston Coal Min. Co.,* 218 Pa. 311, 67 Atl. 642, 120 Am. St. 885, 12 L. R. A. (N. S.) 461, the supreme court of Pennsylvania said:

"After full consideration we are unanimously of the opinion that the legislature, under its police power, could fix an age limit below which boys should not be employed, and when the age limit was so fixed, an employer who violates the act by

engaging a boy under the statutory age does so at his own risk, and if the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained. This rule is founded on the principle that when the legislature definitely established an age limit under which children should not be employed, as it had the power to do, the intention was to declare that a child so employed, did not have the mature judgment, experience, and discretion necessary to engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation."

See, also, *Green v. Western American Co.*, 30 Wash. 87, 70 Pac. 310; *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915.

We are satisfied, therefore, that the court did not err in sustaining the plaintiff's demurrer to the affirmative answer, or in giving the instructions which were given, or refusing the instructions mentioned above which were requested by the appellant.

Appellant also argues that the judgment is excessive. The injury was a severe one. The boy has substantially lost his right hand. What there is left of it appears to be almost useless, if it is not an actual detriment to him. We are not convinced, therefore, that the judgment is so excessive that we should make a reduction, in the face of the verdict and the refusal of the trial judge to interfere.

The judgment is therefore affirmed.

Parker, Gose, and Fullerton, JJ., concur.