ORA ROOKSTOOL, APPELLANT; v. CUDAHY PACKING COMPANY ET AL., APPELLEES.*

FILED JUNE 23, 1916. No. 18647.

Master and Servant: INJURY TO SERVANT: LIABILITY. If the employment of a child under the age of 14 years is the proximate cause of an injury to such child while in such employment, then the employer is liable in damages for the injury sustained.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Reversed.*

*Murphy & Winters,* for appellant.

*Gurley, Woodrough & Fitch, contra.*

HAMER, J.

This action was brought in the district court for Douglas county by the plaintiff, Ora Rookstool, through his next friend, his mother, Lillian Sheets, to recover damages claimed to have been sustained by him while he was in the employment of the Cudahy Packing Company. He was in the hog-killing department of the packing plant operated at the time of the injury in South Omaha. The plaintiff was 13 years of age. On the 22d day of May, 1910,

---

*Judgment of district court affirmed on rehearing. See opinion, p.—, *post.*

Rookstool v. Cudahy Packing Co.

after he had finished his day's work, he was about to leave the packing house. He stood at the entrance of the elevator shaft, intending to board the elevator for the purpose of leaving the plant. To find out the position of the elevator he looked into the elevator shaft, and it suddenly decended and struck him on the back of the head, tearing the top of his scalp loose and knocking out his teeth.

The above facts were set up in the plaintiff's petition. In its answer the defendant admitted that the plaintiff was in their employ, and that he had received an injury by thrusting a part of his body into the elevator shaft, but charged that the injury was caused by the negligent act of the plaintiff in placing part of his body within the elevator shaft so that the same was struck. A jury was impaneled and the evidence was taken; and at the conclusion the defendant moved the court to direct a verdict in favor of the defendant or discharge the jury, and to enter judgment for the defendant. This motion was sustained by the court, and the jury were discharged, and the cause was dismissed at the cost of the plaintiff. There was a motion for a new trial, plaintiff claiming that the decision was not sustained by sufficient evidence, that it was contrary to law, and for errors of law occurring at the trial, and because the court erred in discharging the jury and in rendering judgment for the defendant.

The testimony of the plaintiff was to the effect that he was injured while working in the killing department, breaking jaws and trimming pigs' feet; that he had been working at the packing house about six months when he was hurt; that he had had no other packing house experience. On the day he was hurt, at about half past 5 o'clock in the afternoon, he went up to the dressing room and changed his clothes, and stopped by the elevator and stood there, and then looked into the elevator shaft to see where the elevator was. He had used this same elevator almost every day. It was his means of leaving the plant. Besides knocking his teeth loose, his scalp was peeled up over his head. He was in the hospital nearly three weeks. Dur-

ing the time that he waited for the elevator and up to the time when he was struck there was no warning of any bell or gong, or warning of any kind. He had not been talked to about the danger of being around the elevator; he had not been warned against looking into the elevator shaft. While his head was in the elevator shaft down came the elevator from above. There was a bell on the floor where the plaintiff was, but the defendant did not ring it. The elevator was not supposed to move until the bell sounded.

The plaintiff testified: "No, sir; there wasn't no gong rang at all." It appears that no one instructed the plaintiff concerning the danger of being about the elevator. "Q. During the six weeks of your employment with the company, did any person, foreman, or subforeman say anything to you concerning the danger of being about and around the elevator? A. No, sir; they did not. Q. Did any foreman or subforeman caution you against looking into the elevator shaft? A. No, sir.

Clyde Hague, a witness for the plaintiff, testified that he worked in the same department with the plaintiff, and that he went with him to the elevator; that he never thought that the car would move without the bell rang beforehand.

The plaintiff's mother testified: "Ora was 13 years old, going to be 14 the 26th day of June, and he was hurt the 22d day of May. Q. What was his health prior to that injury? A. Why, he was a big, husky boy; he did a man's work; he was a lively boy and smart, and of course you can see the condition of him today." She further testified: "Well, since that injury, he is just sluggish, he can't work, that is all; he is a boy that can't work."

The defendant's motion for a directed verdict was based upon the contention that the plaintiff was guilty of contributory negligence, and that there was no negligence on the part of the defendant company. It is alleged that the court erred in holding that the defendant was not guilty of negligence. It is also alleged that the court erred in

holding that the plaintiff was guilty of contributory negligence; also that the court erred in not sustaining the plaintiff's motion for a new trial; also that the court erred in sustaining defendant's motion for a directed verdict.

Under the statute, no child under the age of 14 years shall be employed, permitted or suffered to work in, or in connection with any theater, concert hall, mercantile institution, store, office, hotel, laundry, manufacturing establishment, bowling alley, passenger or freight elevators, factory or work shops, or as a messenger or driver therefor, within this state. Rev. St. 1913, sec. 3575 *et seq.*

Under section 3576, this inhibition as to the various employments mentioned in section 3575 is made to apply to children between 14 and 16 years of age, unless the person or corporation employing the child procures and keeps on file and accessible to the truant officers of the town or city, the state commissioner of labor, and his deputies. and the members of the state board of inspection, an employment certificate as prescribed by statute, and also keeps two complete lists of all such children employed therein, one on file and one conspicuously posted near the principal entrance of the building in which such children are employed.

If the employment of an infant under the age of 16 years, contrary to the provisions of the statute, is the direct cause of an injury to a child, his master is liable therefor.

In *Hankins v. Reimers*, 86 Neb. 307, it is held, as stated in the syllabus: "If the employment of an infant under the age of 16 years, contrary to the provisions of the statute, is the proximate cause of an injury to the child, his master is liable therefor." In that case it is stated in the petition that the deceased was under the age of 16 years at the time of his death; that he was ignorant of the dangers incident to the work in which he was employed, and that because of his immaturity he was incapable of appreciating the dangers attendant upon said work; that the defendant unlawfully, wrongfully and negligently directed said ser-

vant to work in a cave where the work was dangerous to life and limb. In the body of the opinion it is said: "If an infant is injured as the proximate result of engaging at his master's request in a vocation which the legislature has forbidden an infant of that age to follow, the master is liable." This court cited with approval: *Lenahan v. Pittston Coal Mining Co.*, 218 Pa. St. 311; *Platte v. Southern Photo Material Co.*, 4 Ga. App. 159; *Starnes v. Albion Mfg. Co.*, 147 N. Car. 556; *Leathers v. Blackwell Durham Tobacco Co.*, 144 N. Car. 330.

It is competent for the legislature in the exercise of the police power to fix an age below which children may not lawfully be employed in dangerous occupations. *Lenahan v. Pittston Coal Mining Co.*, 218 Pa. St., 311; *Stehle v. Jaeger Automatic Machine Co.*, 220 Pa. St. 617; *Fortune v. Hall*, 122 App. Div. (N. Y.) 250, affirmed, 195 N. Y. 578; *Casteel v. Pittsburg Vitrified Paving & Building Brick Co.*, 83 Kan. 533; *Strafford v. Republic ; Iron & Steel Co.*, 238 Ill. 371, 128 Am. St. Rep, 129; *Inland Steel Co. v. Yedinak*, 172 Ind. 423, 139 Am. St. Rep. 389; *American Car & Foundry Co. v. Armentraut*, 214 Ill. 509; *Smith's Adm'r v. National Coal & Iron Co.*, 135 Ky. 671.

In a note to *Louisville, H. & St. L. R. Co. v. Lyons*, 155 Ky, 396, in 48 L. R. A. n. s. 667, where the cases are collected, upon the question of the defense of contributory negligence where the plaintiff was a minor employed contrary to a child labor statute, it is said: "As shown in the earlier notes upon the subject presented by the title to the present note, there is considerable conflict of opinion. The same conflict is also shown in the later cases, although it may be said that the view is apparently growing that neither contributory negligence nor assumption of risk can be relied upon by the master as a defense to an action for injuries to a child who is employed under the statutory age."

In the case cited it is said in the body of the opinion: "The child, in accepting employment, does not knowingly violate any law or purposely do any wrong, but the em-

ployer does, and, between the two, the employer, for the benefit of the child, should bear all the burden, and the child none. In other words, the employer should be required, so far as compensation can do it, to put the child in the same condition as he would have been except for the wrongful employment which caused his injury. We therefore hold that neither the doctrine relating to assumed risk or fellow servants or contributory negligence has any place in the application of this statute. The employer takes all the risk, the child none. It is true this construction makes the employer an insurer of the safety of the child, and so he should be. The lives and limbs of children are too valuable to be sacrificed in dangerous employments, and if an employer, in violation of the statute, engages the services of a child in such an employment, he must see to it that no harm comes to him, or, if it does, he must compensate him, in so far as money can do, for the injury inflicted. * * * But the child labor statute prohibits the employment of children. It is unlawful to employ them, and the fact that it is unlawful to employ them is the reason why the employer who violates the statute should not be permitted to shield himself from his own wrong by setting up a defense that the child and not himself caused the accident. Except for his unlawful act in employing the child he could not have been injured, and the employer should not be permitted to take advantage of his own unlawful act by putting the consequences on an innocent party."

In the following cases it is held that, where a minor has been employed in violation of the statute, the master so employing him cannot rely upon assumption of risk as a defense. *Mueller v. Jordon Shoe Co.,* 143 Ill. App. 332; *Fortier v. The Fair,* 153 Ill. App. 200; *McNally v. Standard Railway Equipment Co.,* 165 Ill. App. 371; *Madden, Son & Co. v. Wilcox,* 174 Ind. 657; *Pinoza v. Northern Chair Co.,* 152 Wis. 473.

There is a contention in this case to the effect that plaintiff cannot rely upon the statute because the case was

tried in the district court on the theory of a common law liability, and that the plaintiff cannot change his theory of the case. The petition alleged that the plaintiff was less than 15 years of age, and that, being a minor, he was not familiar with the dangers incident to the operation of said elevator and did not appreciate or understand the same, and did not know of the danger that might come to him by looking into the elevator shaft; that, according to the usage and custom covering the operation of said elevator, it was not to pass from an upper floor to a lower floor without first sounding an alarm or a gong warning persons that said elevator was about to approach from above; that said elevator was operated by defendant. The defendant's answer admitted plaintiff's employment and that he received the injury, and alleged that he carelessly and recklessly placed his body within the elevator shaft.

It appears that the plaintiff pleaded his age to be less than 15 years when injured, and his age was proved by him and also by his mother to be one month less than fourteen years. His employment is shown to have been in violation of the statute. It is also shown that he was not instructed concerning the danger attendant upon the use of an elevator. In the petition plaintiff alleges that he was a minor, and not familiar with the dangers incident to the operation of an elevator; that he did not appreciate the dangers belonging to the operation of said elevator, and did not understand or appreciate the specific charge of looking into the elevator shaft; that he was not warned concerning the same, and was not told of the danger of being caught by the descending elevator while looking into the shaft. There could have been no purpose in the allegation touching the plaintiff's age, except to show that his employment was forbidden by law. The same is true touching the testimony concerning his age. There could have been no purpose in the plaintiff pleading the fact that he was a minor, and that he was not familiar with the dangers incident to the operation of an elevator, except to

Rookstool v. Cudahy Packing Co.

show that he was a child and in danger because of his immaturity. Neither could there have been any purpose of procuring testimony touching his age, except to show that there was a violation of the statute. At this point it may be proper to state that there are two classes of children. The employment of those under 14 years of age is prohibited absolutely, while the employment of those between 14 and 16 years of age is not prohibited if certain restrictions are observed. The petition in this case alleges, that the plaintiff was "less than 15 years of age," and the testimony shows that he was under 14. The section relating to the matter reads: "No child under the age of 16 years shall be employed in any work which by reason of the nature of the work, or place of performance, is dangerous to life or limb, or in which its health may be injured or its morals may be depraved." Rev. St. 1913, sec. 3587.

What was said by Judge Day about the boy putting his head in the elevator shaft shows that the district court held that the plaintiff should exercise the same care and prudence that would be required of a grown person. The district court seems to have overlooked the fact that the defendant's liability depended upon the wrongful employment of one whose age prohibited such employment.

The facts set up in the petition allege a liability because of the fact that the plaintiff was a minor and did not know and appreciate the dangers incident to the operation of the elevator in the packing house, or understand the danger of looking into the elevator shaft, and that he had not been warned or instructed by the defendant company concerning the matter; that he was caught between the floor of the descending elevator and the gate or guard rail over which he was leaning. It is also alleged in the petition that the plaintiff was engaged in the hog killing department at the time of his injury, and that he was less than 15 years of age. There appears to have been no objection to the testimony of the plaintiff and his mother that he was really less than 14 years of age.

The plaintiff to maintain a case was bound to plead and prove facts tending to support a verdict and judgment and sufficient to sustain the same. When he shows that his employment was forbidden under the child labor statute, and that he was injured while engaged in such employment, and because of the same, he has shown enough to sustain a verdict and judgment. If these facts have been shown and a defective charge of negligence has also been made, and there is also insufficient proof to sustain it, the verdict and judgment must have stood anyway, if there had been a verdict and judgment based upon evidence, because they would rest upon the forbidden employment and the injury. But in this case facts are stated which tend to show that the defendant incurred a liability for negligence under the common law, and also a liability because the plaintiff's employment was forbidden under the child labor law by the sections of the statute referred to. The district court determined that there was no common law liability, but the judge did not undertake to determine whether there had been a violation of the child labor law. If the plaintiff had two reasons entitling him to recover, he was not obliged to rest upon one of them. If the reasons did not conflict with each other, then he had a right to stand on both of them. There was no motion to compel the plaintiff to elect. There was no submission of the facts concerning alleged negligence of the defendant in failing to ring the gong before the elevator started down. Of course, if the plaintiff was entitled to a verdict of the jury as to whether he was wrongfully employed by the defendant, there should have been a hearing before the jury on that question, and their verdict should have been taken, and judgment rendered upon it.

Upon the question of proximate cause, it is said in *De-Soto Coal Mining & Development Co. v. Hill,* 179 Ala. 186: "Nor is it necessary that injury must result as the proximate cause of some act or omission of the minor in the discharge of the duty assigned him, but the right of action arises if the injury resulted from the employment and was

incident to any of the risks or dangers in and about the business. Of course, there would be no causal connection if the boy got sick or was injured in some way foreign to the master's work or business, although in or near the mine; but if the injuries are produced while the boy is at the forbidden place—that is, in or about a mine by some cause not foreign to the master's mine or business—there is such a causal connection with the forbidden employment as would render the master liable.''

In *Lenahan v. Pittston Coal Mining Co.,* 218 Pa. St. 311, it is said in the body of the opinion: ''The exact question raised by this appeal is whether this common law rule was modified or changed by the statutory regulation. The injured boy was under 15 years of age, and if the appellee company employed him for the purpose of oiling machinery it did so in violation of the statute. Is it, therefore, in position to set up in this case the rule which presumes a boy over 14 to be capable of appreciating danger so as to apply the rule of contributory negligence to his acts, when the legislature in express terms provided that an employer shall not engage a person under the age of 15 years to perform this dangerous work? After full consideration we are unanimously of the opinion that the legislature, under its police power, could fix an age limit below which boys should not be employed, and, when the age limit was so fixed, an employer who violates the act by engaging a boy under the statutory age does so at his own risk, and, if the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained. This rule is founded on the principle that when the legislature definitely established an age limit under which children should not be employed, as it had the power to do, the intention was to declare that a child, so employed, did not have the mature judgment, experience and discretion necessary to engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable

with contributory negligence or with having assumed the risks of employment in such occupation."

In *Madden, Son & Co. v. Wilcox,* 174 Ind. 657, it was held, as stated in the syllabus: "Answers to interrogatories showing that the plaintiff was engaged to learn upholstering, that he was ordered to operate a towpicker, and that his hand became entangled in the machine, and he thereby sustained injuries, do not overthrow a general verdict for plaintiff, where the complaint alleged that the plaintiff, under 16 years of age, was incapable of appreciating the dangers of the machine, and that he was knowingly ordered outside the scope of his duties to operate such machine."

A right of action will lie against one who participates in the employment of the child, where the same is forbidden by law, and the employment is the proximate cause of the injury. *Marino v. Lehmaier,* 173 N. Y. 530, 61 L. R. A., 811; *Strafford v. Republican Iron & Steel Co.,* 238 Ill. 371, 20 L. R. A. n. s. 876.

It is a matter of common knowledge that boys are full of the activity of youth and not inclined to reflect very much. They cannot exercise control over themselves with certainty. In *Perry v. Tozer,* 90 Minn. 431, 101 Am. St. Rep. 416, the court held that proof of the violation of the statutory provisions in the employment of a boy or girl, followed by injury in such employment, makes a *prima facie* case for the recovery of damages, and that the plaintiff cannot be charged in such case with contributory negligence or with having assumed the risk of such injury.

Section 3575, Rev. St. 1913, prohibits the employment of any child under 14 years of age "in connection with any theater, concert hall, or place of amusement, or any place where intoxicating liquors are sold, or in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, bowling alley, passenger or freight elevator, factory or workshop, or as a messenger or driver therefor." Section 3587, Rev. St. 1913, prohibits the employment of any child under 16 years of age in any work which by

Rookstool v. Cudahy Packing Co.

reason of its nature or place of performance is dangerous to life or limb, or in which its health may be injured, or its morals depraved.

If the defense of contributory negligence may be successfully interposed to defeat an action brought to recover damages because of the injury done to a child of tender years entitled to the protection of the statute on account of its age, then the action of the legislature becomes futile and the statute itself is rendered nugatory. Persons of immature years are incapable of properly appreciating the danger and of protecting themselves against it. The statute was made for the protection of such persons as the boy injured in this case.

"A concrete sewer located beneath the surface of a street is a 'structure' within Labor Law (Consolidated Laws, 1909, ch. 31) section 18, providing that a master engaging another to perform labor in the erection of a structure shall not furnish any unsafe stay or mechanical contrivance, and sheathing, shoring, and bracing used to hold back the earth out of the excavation are stays; a 'stay' meaning that which holds, restrains, or supports." *Armenti v. Brooklyn Union Gas Co.*, 142 N. Y. Supp. 420.

"In an action for the death of a servant killed by the caving in of an excavation for a sewer, the complaint, among other acts of negligence, charged that defendant failed to properly shore and support the excavation. *Held* that, while the complaint did not plead Labor Law (Consolidated Laws, ch. 31) section 18, providing that a master shall not furnish a servant engaged in the erection of a structure with any insufficient stay, yet as this is a general statute, which need not be pleaded, the complaint was sufficient to charge the master with liability thereunder; evidence that the caving in was caused by the insufficient stays being admissible." *Armenti v. Brooklyn Union Gas Co.*, 142 N. Y. Supp. 420.

"Where plaintiff is nonsuited at the close of his evidence, *every* question which can be fairly raised upon the record may be urged on appeal; the rule that a party cannot

100  Neb.—9

change his theory of action on appeal not applying."
*Armenti v. Brooklyn Union Gas Co.*, 142 N. Y. Supp. 420.

In the body of the opinion it is said: "Finally, it is urged
upon us that the complaint is not so framed as to charge de-
fendant with liability under this statute, and that in the
trial court no attempt was made to invoke its provisions.
The complaint is certainly very general, and almost every
conceivable ground of liability is asserted therein.  But
among other allegations of the cause of the subsidence from
which the death of plaintiff's intestate resulted is 'that
said defendants failed to properly shore, support, and se-
cure the excavation and the ground contiguous thereto.'
This is sufficient to allow the evidence that this was the
physical cause of the 'cave-in.' If, when that fact is estab-
lished, legal liability follows under the statute, the com-
plaint cannot be successfully attacked for insufficiency;
for the statute, being a general one, need not be pleaded.
*Haggblad v. Brooklyn Heights R. Co.*, 117 App. Div. (N.
Y.) 838, 102 N. Y. Supp. 1039.  Nor is it fatal that this
point was not called to the attention of the trial court.  It
may be that when a case has been submitted to a jury upon
a particular theory it is too late for a plaintiff, who has
been unsuccessful upon the issue tendered, to inject into
the case on appeal another distinct element adding to the
liability of the defendant, and which he has never been
called upon to meet (*Rager v. Delaware, L. & W. R. Co.*,
64 App. Div. (N. Y.) 134, 71 N. Y. Supp. 851); but in
the case of a nonsuit a different rule applies.  'Every
question is open to the plaintiff which can fairly be raised
upon the record.' "

In support of this last proposition the court cites:
*Clemence v. City of Auburn*, 66 N. Y. 334; *Train v. Holland
Purchase Ins. Co.*, 62 N. Y. 598; *Pratt v. Dwelling House
Mutual Fire Ins. Co.*, 130 N. Y. 206.

In *Clemence v. City of Auburn, supra*, it is held, as stated
in the syllabus: "A party to an action tried by jury, who
has not, by treating the questions in the case as purely legal,
and by acquiescence in their disposal by the court as such,

assumed that there was no disputed question of fact for the jury, but who has been nonsuited upon the motion of his adversary over his objection and exception, may insist, upon appeal, not only that the judge at circuit erred in the application of the law to the facts as found by him, but that he erred in his conclusions of facts, or that there were disputed questions of fact which should have been submitted to the jury; he is not concluded by an omission to request the court to submit the whole case or any particular question of fact therein."

In *Train v. Holland Purchase Ins. Co., supra,* it is held, as stated in the syllabus: "Where the court at circuit nonsuits plaintiff on the whole case, and an exception is taken, to enable him to present the exception to an appellate court for review, it is not necessary that he should ask permission to go to the jury upon the whole case or upon any question therein."

We think that the defendant is entitled to a jury trial upon the question of the violation of the statute. He is not barred upon the theory that only common law liability of the defendant may be considered. In reversing the judgment nonsuiting the plaintiff the defendant is not deprived of a jury trial. He may make a defense to such charge, and when the case is remanded he will have a full opportunity to present his theory. The case should have been presented to the jury upon the evidence under proper instructions. If the case ought to have been considered under section 3587, Rev. St. 1913, as also under the other sections above quoted, it was for the court to correctly construe the law and to instruct the jury so that a proper consideration of the facts might be made under the statute, and such a conclusion reached as the evidence warranted.

Counsel for the appellees make the contention that "the language of the act shows it was clearly the intention of our legislature to place the responsibility of inquiring into the age, physical and mental fitness of a child upon the officers and authorities provided for by law, and it also seems to have been the clear intention of the legislature

that an employer having complied with the law in requiring a certificate has the right to reply upon same and assume the authorities and officers of the law have done their duty, and not take upon itself the duty to make further inquiry." It is time enough to discuss this question when it is fairly raised and the instructions of the court and the evidence require its solution by this court. Children under 14 years of age may not be employed in such a business because of the prohibition of the statute, but between 14 and 16 they may be employed if a proper certificate has been procured. Of course, the good faith touching the issuance of the certificate might not necessarily be disregarded by the court and jury. Perhaps we ought not to be unmindful of the struggles existing in the several states of the Union touching the employment of child labor and the protection of the young from physical, mental and moral injury.

The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED.

SEDGWICK, J., not sitting.

LETTON, J.

I concur in the reversal. Even if the presentation of a certificate such as is required by the statute in the case of children over 14 and under 16 years of age would excuse the employer or permit the defense of contributory negligence to be made, there is no competent or satisfactory proof in the record that such a certificate was ever procured, tendered to, or examined by the employer.

The principle applies that, if an employer takes a child in violation of a statute for his own profit, he should not be allowed to set up the defense that the child is guilty of contributory negligence. Careless conduct is to be expected of a child, and, but for the wrongful act of the employer in hiring him, he would not have been placed in the position of danger.

Under the statute and the evidence as it now stands, I am of opinion that contributory negligence is not a defense to the action.