KATHERINE DUSHA, ADMINISTRATRIX OF THE ESTATE OF WILLIAM NOVAK, DECEASED v. THE VIRGINIA & RAINY LAKE COMPANY.[1]

February 20, 1920.

No. 21,603.

**Master and servant — employment of minor in violation of statute — contributory negligence.**

1. The statute, G. S. 1913, § 3848, prohibits the employment of a child under 16 in certain dangerous employments. The defense of the child's contributory negligence, or of his assumption of risks, is not open to an employer who violates the statute.

**Same — statutory affidavit of age.**

2. The statute provides that, in an action brought against the employer of such a child, such employer shall not be deemed to have violated the statute if he has obtained and kept on file an affidavit of the parent or guardian, to the effect that the child is not less than 16. This, when the child is under 16, is the only defense against the charge of a violation of the statute, and a representation by the boy, and by his father and mother who are under the statute the beneficiaries of a cause of action for his death, that he was not less than 16, is not a defense to such an action.

Action in the district court for St. Louis county to recover $7,500 for the death of plaintiff's intestate. From an order, Fesler, J., striking out portions of its answer, defendant appealed. Affirmed.

*Abbott, MacPherran & Gilbert,* for appellant.

*John Jenswold* and *John D. Jenswold,* for respondent.

[1]Reported in 176 N. W. 482.

DIBELL, J.

Action for personal injuries sustained by the plaintiff's intestate while in the employ of the defendant. The beneficiaries are the father and mother. The deceased was less than 16 years of age and was employed about dangerous machinery in violation of G. S. 1913, § 3848. The answer alleged that the deceased assumed the risk and that his negligence contributed to his death, and, further, that he and his father and his mother represented that he was more than 16 at the time of his employment and thereby procured it. These allegations were stricken on the motion of the plaintiff. The defendant appeals from the order striking them. The record presents two questions:

(1) Whether contributory negligence or the assumption of risks is a defense.

(2) Whether the representation by the deceased, and by his father and mother, the beneficiaries of the action, that he was more than 16, thereby inducing his employment, prevents a recovery.

1. The deceased was employed in the defendant's saw mill, working about machinery, as a lath puller. He was under 16 years of age. His employment was in violation of G. S. 1913, § 3848. The statute has the following proviso:

"Provided, that in any action brought against an employer of any child under sixteen (16) years of age on account of injuries sustained by the child while so employed, if the employer shall have obtained, and kept on file in like manner as herein provided for employment certificates, an affidavit of the parent or guardian, stating in substance that the child is not less than sixteen (16) years of age, such employment shall not be deemed a violation of this act. Any person employing any child in violation of the provisions of this section shall be guilty of a misdemeanor."

The purpose of the statute is to protect children in life and limb, by prohibiting their employment in dangerous occupations where, because of their immaturity, they are likely inappreciative of risks and prone to be careless and heedless. So the statute altogether prohibits their employment and makes it a misdemeanor. A very great weight of authority establishes the doctrine that an employer who violates such a statute cannot assert contributory negligence, nor the assumption of risks as a defense. Pinoza v. Northern Chair Co. 152 Wis. 473, 140 N. W. 84; Reiten

v. Stearns Lbr. Co. 166 Wis. 605, 165 N. W. 337; Inland Steel Co. v. Yedinak, 172 Ind. 423, 87 N. E. 229, 139 Am. St. 389; Waverly Co. v. Beck, 108 Ind. 523, 103 N. E. 332; Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L.R.A. 811; American Car & Foundry Co. v. Armentraut, 214 Ill. 509, 73 N. E. 766; Rookstool v. Cudahy Packing Co. 100 Neb. 118, 851, 158 N. W. 440, 583; Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6; Louisville, H. & St. L. Ry. Co. v. Lyons, 155 Ky. 396, 159 S. W. 971, 48 L.R.A.(N.S.) 667; Stehle v. Jaeger Automatic Mach. Co. 220 Pa. 617, 69 Atl. 1116, 14 Ann. Cas. 122; Lenahan v. Pittston Coal Min. Co. 218 Pa. 311, 67 Atl. 642, 12 L.R.A.(N.S.) 461, 120 Am. St. 885; Glucina v. Goss Brick Co. 63 Wash. 401, 115 Pac. 843, 42 L.R.A.(N.S.) 624; Krutlies v. Bulls Head Coal Co. 249 Pa. 162, 94 Atl. 459, L.R.A. 1915F, 1082; Beauchamp v. Sturgis & B. Mnfg. Co. 250 Ill. 303, 95 N. E. 204, affirmed in 231 U. S. 320, 34 Sup. Ct. 60, 58 L. ed. 245, L.R.A. 1915A, 1196.

A few cases make a distinction between assumption of risks and contributory negligence, holding the latter a defense and the former not. Berdos v. Tremont & Suffolk Mills, 209 Mass. 489, 95 N. E. 876, Ann. Cas. 1912B, 797; Elk Cotton Mills v. Grant, 140 Ga. 727, 79 S. E. 836, 48 L.R.A.(N.S.) 656.

In Anderson v. C. N. Nelson Lumber Co. 67 Minn. 79, 69 N. W. 630, it was held that the failure of an employer to respond to a statutory duty to guard dangerous machinery, did not change the rule of law as to contributory negligence and assumption of risks by one working about the unguarded machinery. This holding has been followed with a suggestion that if changed it should be changed by the legislature. It has some force in the present connection. In a number of cases we have assumed that, under statutes resembling in some respects the one before us and prohibiting the employment of children in dangerous occupations, the ordinary rule as to the assumption of risks and contributory negligence prevailed, and we have discussed contributory negligence and assumption of risks as if they were effective defenses. In none of such cases was it necessary to hold that they were or were not for the verdict negatived them, nor was there such a holding. Perry v. Tozer, 90 Minn. 431, 97 N. W. 137, 101 Am. St. 416; Fitzgerald v. International F. T. Co. 104

Minn. 138, 116 N. W. 475; Jacobson v. Merrill & Ring Mill Co. 107 Minn. 74, 119 N. W. 510, 22 L.R.A.(N.S.) 309.

The statute makes the forbidden employment a misdemeanor. It establishes the definite policy of the state upon one phase of child labor. The employer must not employ about dangerous machinery boys under 16. We hold in harmony with the holdings elsewhere that contributory negligence and assumption of risks are not defenses open to the employer.

2. The question whether a recovery is prevented by the representations of the boy, and of his father and mother, the beneficiaries of the action, that he was not within the prohibited age, is one of some difficulty.

That the child is not himself barred because of his own representation has been held often and it is the accepted doctrine. Beauchamp v. Sturgis & B. Mnfg. Co. 250 Ill. 303, 95 N. E. 204, affirmed in 231 U. S. 320, 34 Sup. Ct. 60, 58 L. ed. 245, L.R.A. 1915A, 1196; Braasch v. Michigan Stove Co. 153 Mich. 652, 118 N. W. 366, 20 L.R.A.(N.S.) 500; Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6; Syneszewski v. Schmidt, 153 Mich. 438, 116 N. W. 1107; Krutlies v. Bulls Head Coal Co. 249 Pa. 162, 94 Atl. 459, L.R.A. 1915F, 1082; Stetz v. F. Mayer Boot & Shoe Co. 163 Wis. 151, 156 N. W. 971, Ann. Cas. 1918B, 675; De Soto Coal M. & Dev. Co. v. Hill, 179 Ala. 186, 60 South. 583; Norman v. Virginia-Pocahontas Coal Co. 68 W. Va. 405, 69 S. E. 857, 31 L.R.A. (N.S.) 504; Inland Steel Co. v. Yedinak, 172 Ind. 423, 87 N. E. 229, 139 Am. St. 389; Feir v. Weil, 92 N. J. Law, 610, 106 Atl. 402; American C. & F. Co. v. Armentraut, 214 Ill. 509, 73 N. E. 766.

And it is held that he is not barred by a representation of his parent. Glucina v. Goss Brick Co. 63 Wash. 401, 115 Pac. 843, 42 L.R.A.(N.S.) 624; Stetz v. F. Mayer Boot & Shoe Co. 163 Wis. 151, 156 N. W. 971, Ann. Cas. 1918B, 675.

The defendant contends that the parents, having misrepresented the boy's age and thereby having induced his hiring, the administratrix cannot for their benefit recover for his death. Their argument is not without force. It finds support in Dickinson v. Stuart Colliery Co. 71 W. Va. 325, 76 S. E. 654, 43 L.R.A.(N.S.) 335, and Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 South. 702, and indirectly in Stryk v. Mnichowicz, 167 Wis. 265, 167 N. W. 246, 1 L.R.A. 297. Naturally enough no sympathy for their financial loss through the death of their

boy goes to the parents who misrepresented his age that they might put him in dangerous and forbidden employment. Neither is special consideration for a financial liability incurred, owing an employer who unlawfully engages the services of a boy in dangerous work. The legislature, in the exercise of the police power, having in view the protection of the life and limb of the child, has definitely determined that a boy under 16 shall not be employed in work dangerous to life or limb. The statute makes this the state's policy. · It makes the employment for such work a criminal offense of the employer. It imposes no penalty upon parents for permitting it. It is primarily directed against the employer. It is insistent upon the policy which it declares, but otherwise it is not harsh. The employer may obtain the affidavit of the parent or the guardian and keep it on file as is provided, and he is then relieved of a charge of the violation of the act which otherwise might subject him to damages. This is the defense which the statute generously gives him when it is charged that he violated the statute. We think it is the only one which he has.

We hold that misrepresentations of the boy and of his father and mother that he was over 16 do not bar an action in which the father and mother are the beneficiaries.

Order affirmed. ·