JOHN E. LEIDGEN, an Infant, by Harry L. Birdsall, His Guardian ad Litem, Respondent, v. JOHN R. JONES, Appellant.

(179 N. W. 714.)

**Master and servant — contributory negligence and assumption of risk defenses not available to employer unlawfully employing minor.**

1. Where a minor aged thirteen years seven months is employed to assist in operating a circular saw in violation of the provisions of § 1412, Comp. Laws 1913, the defenses of contributory negligence and assumption of risk are not available to the employer.

**Master and servant — instructions on liability to minor injured in unlawful employment held proper; evidence as to unlawful employment of minor held admissible.**

2. In an action for personal injuries, where a boy, aged thirteen years, seven months, was employed by the defendant, as found by the jury, to assist in the operation of a circular saw used for sawing wood in a woodyard, it is *held:*

NOTE.—There seems to be considerable conflict of opinion on the question of contributory negligence or assumption of risk by minor employed in violation of statute, but the view is apparently growing that neither contributory negligence nor assumption of risk can be relied upon by the master as a defense to an action for personal injuries to a child who is employed under statutory age, as will be found by an examination of the authorities collated in notes in 12 L.R.A.(N.S.) 461; 20 L.R.A.(N.S.) 876; and 48 L.R.A.(N.S.) 667, on right of one employing child under statutory age to rely on contributory negligence or assumption of risk, to defeat liability for personal injuries sustained by latter.

Upon the general question of assumption of risk by minor servants, see note in 1 L.R.A.(N.S.) 279.

(a) That no prejudicial error was committed by the trial court in not instructing and in refusing to instruct the jury upon methods of guarding the saw, the questions of the ordinary care exercised by the defendant, and the contributory negligence and assumption of risk on the part of the boy.

(b) That the instructions fairly submitted to the jury the nonliability of the defendant, if the jury found that the boy was not so employed by the defendant.

(c) That it was not error to admit evidence that the plaintiff and other boys, just prior to the accident, assisted in the operation of the saw.

(d) That it was not error to charge the jury that the defendant was presumed to know the statute prohibiting the employment of minors in the operation of circular saws.

**Appeal — party equally in fault cannot predicate error on improper comments and arguments of adverse party.**

3. In the trial of an action for personal injuries, where the counsel for both the plaintiff and the defendant are equally at fault, in comments during the trial and in arguments to the jury concerning the private and family affairs of the respective parties, improper *per se*, extraneous to the issue, and in part outside of the evidence, it is *held* upon the record that the defendant is not in a position to predicate prejudicial error upon the conduct of plaintiff's counsel in that regard.

Opinion filed October 20, 1920. Rehearing denied November 9, 1920.

Action for personal injuries in District Court, Richland County, *Graham, J.*

From a judgment for the plaintiff and from an order denying a new trial, the defendant has appealed.

Affirmed.

*Forbes & Lounsbury,* for appellant.

The test of liability is not danger, but negligence, and negligence can never be imputed from the employment of methods or machinery in general use in the business. Titus v. Railroad Co. 136 Pa. 618, 20 Atl. 517; Kehler v. Schwenk, 144 Pa. 348, 22 Atl. 910; Reese v. Hershey, 20 Atl. 907; Wolf v. Des Moines Elevator Co. (Iowa) 102 N. W. 517.

There is no proof in the case that it was customary to put guards upon machinery of this character. Walter v. Wolerine Portland Cement Co. (Mich.) 112 N. W. 113; Yazdewski v. Barker (Wis.) 111 N. W. 689; Delaware River Iron Shipbuilding & Engine Works v. Nuttall (Pa.) 13 Atl. 65.

*J. A. Dwyer* and *W. S. Lauder,* for respondent.

The defendant was bound at his peril to know that plaintiff was past sixteen years of age when he sent him or permitted him to assist in operating the wood saw. Dusha v. Virginia etc. Co. (Minn.) 176 N. W. 483; Beauchamp v. Sturgis etc. Co. 250 Ill. 303, 231 U. S. 320; Braasch v. Michigan Stove Co. 153 Mich. 652, 118 N. W. 366. See also note to same case in 20 L.R.A.(N.S.) 500.

The protection of children under sixteen years of age is an inherent power of sovereignty, and the liberty and property of the citizens are subject to this power. Inland Steel Co. v. Medinak, 172 Ind. 423, 139 Am. St. Rep. 386–397; Barbier v. Conolly, 113 U. S. 27; Mugler v. Kansas, 123 U. S. 436; Re Kemmler, 136 U. S. 436; Freund, Pol. Powers, § 259; Bryant v. Skillman Co. 76 N. J. L. 45; State v. Shorey, 48 Or. 396.

BRONSON, J. *Statement.*—This is an action for personal injuries. The defendant has appealed from a judgment in favor of the plaintiff, and from an order denying a new trial. The facts, necessary to be stated, are as follows:

On August 27, 1918, the plaintiff, then aged thirteen years, seven months, suffered injury to three fingers on his right hand, while assisting in the operation of a circular saw in the woodyard of the defendant, at Hankinson, North Dakota. He appears by his guardian *ad litem.* The defendant was engaged in the fuel business, and maintained a woodyard. He had in his employ then about twenty men. In this yard he used a circular saw, operated by a gasolene engine, for the purpose of sawing wood. This saw and engine were supported on a frame some 14 to 16 feet long, and were mounted on trucks so as to be moved from one place to another. The saw was situated on one end and the engine on the other. The wood was sawed by operating a sliding table upon which the wood was placed. The saw was exposed, with no covering or guard. The defendant testified that he was not in personal superintendence of this saw; that one Gronke was the man in charge of the woodyard, and, when he was there, the person in charge of this saw. He further testified that on August 27, 1918, he had employed the boy to pull weeds in this woodyard; that he had employed this boy before but he had quit. That he had no knowledge that the boy, on the day he was hurt, was at the saw; that he had a crew to run

this saw consisting of one Gronke, one Scheller, one Eberhard, and one Radloff. Radloff testified that he was fourteen years old; Eberhard testified that he was thirteen years old. The plaintiff boy testified that he worked for the defendant commencing on August 12, 1918; that he did several different jobs; worked in building and loading a hay rack, unloaded lumber, cordwood, and hauled sawdust from the ice house. That he worked until August 17th. He worked again for the defendant on August 22d, 23d, 24th, 26th, and the 27th. He testified that, on the morning of August 27th, he saw the defendant in the office, because on Monday night he told him that he thought he should haul grain on Tuesday. On this morning of the 27th, he was directed by the defendant to go down and pull weeds in his woodyard. That he went down with the Radloff boy and pulled weeds for about two hours and finished the job. That then he and Radloff walked towards the office, but before they got there the defendant told them to go down and help saw wood with Gronke, Scheller, and Eberhard, who were in a wagon which was then going past towards the yard. That they accordingly went along to saw wood. Further, that, at the yard, Gronke started the engine, and a load of wood was sawed. Scheller got his load and took it away. Gronke then said that one of the boys should go up and take the wood away. Two of the boys were busy getting wood, so he (the plaintiff) went and started taking wood away from the saw. At the time there were four operating that saw. Gronke was feeding the wood into the saw; Radloff and Eberhard were carrying up the wood; the plaintiff was taking away the wood from the saw. He happened to be the one to take away wood, because he had just put a piece on the table to be sawed and the other boys were busy getting wood, and, as Gronke kept on sawing, he had to go up and take it away. Concerning the injuries sustained, he testified that about 11 the engine stopped; a big piece of wood stopped it, and Gronke went around to start it again. As it started he came around, and as he went around "I was turning, and my hand got caught in the saw, and it was sawed." He further testified that he had previously worked on this saw between the 12th and 17th of August. It further appeared from his testimony that he was living with his mother and stepfather. The defendant elicited testimony from him, over objection, that his father had been a bartender and had been in the penitentiary. The defendant further, upon examination of the

mother and the stepfather, brought out, over objection, the fact that prior to their marriage they had held themselves out as husband and wife and hired out as such to a farmer in the vicinity. Scheller, a witness for the defendant, testified that on the morning of the accident he went over to the woodyard and started the saw; that Eberhard and Radloff came along and they started the saw; that Gronke came; then Gronke pushed the table, he threw away, and the two boys, Eberhard and Radloff, handed up the wood. That then he saw this plaintiff boy up there at the saw; that the engine stopped and Gronke went to fix it; that he drove the team to another part of the yard; that he did not see the boy get hurt; that Jones told him that morning to go and saw wood; that these two boys, Radloff and Eberhard, were the only ones then there, and he knew they were working for Jones; that Gronke was there in charge. That this saw had been there some six years. He explains that when Gronke came he wanted to, "throw away" the wood, "them three kids they handed the wood down."

Radloff, a boy aged fourteen years, a witness for the defendant, testified that he worked for the defendant on August 27th; he sawed with Scheller; he first saw plaintiff around the saw on the day of the accident; that when plaintiff came he (plaintiff) started to carry wood, helping him and Eberhard; the wood was handed to Gronke. After the engine started to slow up, they started piling wood alongside of the saw so as to have it handy to put it on the saw. The plaintiff helped a little while, then he stopped and started talking about a Saxon car; when he got hurt he was standing alongside of the table of the saw; the saw was running when he got hurt, but they were not sawing wood. He had previously helped to run this saw many times. Gronke, a witness for the defendant, testified that on the morning of the accident he went to the woodyard; Scheller and the two boys, Eberhard and Radloff, were there sawing wood; he then took Scheller's place, pushing the saw. The engine started to buck; it did not stop but went slow; he stopped sawing wood and went in to fix the engine. About ten minutes or something before the saw began to stop or buck, the plaintiff was there. He first saw him putting wood on the table; the three boys there were helping; they piled up wood close to the saw; he did not see the plaintiff get hurt. He further testified that when he got the engine fixed he expected those three boys to help him; that he expected to saw wood

with Scheller and those three boys (meaning Radloff, Eberhard, and the plaintiff). He cannot remember whether the plaintiff helped him saw wood before or not.

Eberhard, aged thirteen years, a witness for the defendant, testified that he worked for the defendant and helped to saw wood; that on the day of the accident the plaintiff was there handing wood to Gronke. The three boys were taking wood away from the pile and passing it over to the man who was sawing.

During the course of the arguments to the jury the counsel for the defendant made personal attacks upon the private life and relations of the boy's mother, and, in response, the counsel for the plaintiff likewise personally attacked the home and family relations of the defendant. The jury returned a verdict in favor of the plaintiff for $5,000.

*Contentions.*—The defendant has made some twenty-one assignments of error. These are based upon more than seventy specifications of error. These assignments and specifications will be briefly summarized as follows: That the trial court erred in refusing to admit evidence concerning, and to give instructions upon, methods of guarding the circular saw; in admitting evidence that other boys under sixteen years of age assisted in the operation of this saw; and in refusing to admit evidence that the defendant did not know of the statute concerning the employment of minors under sixteen years of age. That the plaintiff's attorney was guilty of prejudicial misconduct in his address to the jury, by referring to the private and family affairs of the defendant without any justification in the record therefor. That the trial court erred in its instruction to the effect that the directions given by one Gronke were the same as if given by himself. That, likewise, it was error to instruct that the plaintiff boy was not precluded from recovering damages because he had contributed to the injury. That it was prejudicial error to instruct that the defendant was presumed to know the statute concerning minors. That it was error not to instruct the jury, if the boy were employed only for pulling weeds, upon the nonliability of the defendant, the measure of ordinary care imposed upon the defendant and the boy, and the duty of the defendant with reference to latest improvements upon circular saws. That the court likewise erred in refusing to submit the defendant's requested instructions upon the measure of plaintiff's recovery; and finally that the evidence in connection with

such errors is insufficient to support the verdict.  Upon the oral argument, the counsel for the defendant grouped the assignments, and strenuously contended that it appears from a consideration of them, as a whole, that the defendant was not accorded a fair trial.  That the plaintiff, in the presentation of his case, and the court, in its instructions to the jury, did not submit the case upon the theory of the statutory liability of the defendant.

*Decision.*—The statutes of this state prescribe that it is both unlawful and criminal to employ a child under the age of sixteen years in operating or assisting in operating circular saws.  Comp. Laws 1913, §§ 1412, 1413.  The evidence in the record is ample to justify the finding of the jury that the defendant did employ the plaintiff, a boy then aged thirteen years, seven months to assist in the operation of a circular saw.  This violation of the statute (so found) established negligence akin to gross negligence.  It rendered him liable in a civil action for the injury resulting without regard to the questions of the boy's contributory negligence or assumption of risk.  Dusha v. Virginia & R. L. Co. 145 Minn. 171, 176 N. W. 482; Statz v. F. Mayer Boot & Shoe Co. 163 Wis. 151, 156 N. W. 871, Ann. Cas. 1918B, 675; Pinoza v. Northern Chair Co. 152 Wis. 473, 140 N. W. 84.  The legal duty imposed upon the defendant through this statute is express and definite.  The legislative intent is clear and not to be misunderstood.  This duty is not abrogated nor absolved by the contributory negligence or the assumption of the risk by a boy of tender years, whom the statute, in the exercise of a police power, has aimed to, and does, protect.

The evidence and the contentions of the defendant have been set forth rather fully to show the application of such contentions to the record evidence and the law.  The complaint alleges that the defendant unlawfully, and with gross negligence, ordered, directed, instructed, and commanded the plaintiff, as an employee, to work around and assist in the operation of this circular saw.  It alleged many other things concerning the negligence of the defendant that were unnecessary in an action for the violation of the statute.  It, however, alleged a cause of action for the violation of the statute.  See Krutlies v. Bulls Head Coal Co. 249 Pa. 162, L.R.A.1915F, 1082, 94 Atl. 459.  The defendant sought during the course of the trial, to adduce evidence concerning

the care of the defendant, and the contributory negligence and assumption of risk on the part of the plaintiff. He likewise sought, in the requested and refused instructions, to have the court charge the jury upon these matters. The issue, presented upon the pleadings and the evidence, was squarely the question whether the defendant did employ the plaintiff to assist in the operation of this circular saw. This issue, the trial court fairly submitted to the jury upon instructions reciting the statute, and requiring the jury to find by a preponderance of the proof that the defendant did so employ the plaintiff. It is apparent that the parties, at least the defendant, during the course of the trial, was not fully aware of this statute and the nature of the defendant's liability thereunder. It is true that the trial court, perhaps, through the lack of presentation by the parties of the nature of the statutory liability, charged the jury upon doctrines of contributory negligence and assumption of the risk on the part of the boy. Such instructions, instead of being prejudicial, were too favorable for the defendant. By reason thereof, the defendant was not entitled to have submitted correlative instructions by way of antithesis.

The court might have submitted only, and properly, the charge that if they found by a preponderance of the proof that the plaintiff was employed by the defendant to assist in the operation of this saw, the plaintiff was entitled to recover. See Beauchamp v. Sturges B. Mfg. Co. 250 Ill. 303, 95 N. E. 204, 231 U. S. 320, 58 L. ed. 245, L.R.A. 1915A, 1196, 34 Sup. Ct. Rep. 60. It clearly appears that prejudicial error does not exist in the record upon these matters.

It was not error to admit evidence that this plaintiff and other boys under sixteen years of age, just prior to this accident, had assisted in the operation of this saw. It was corroborative evidence of knowledge by the defendant and his man in charge of the saw that the boys were working thereupon contrary to the statute (which they were presumed in law to know). See Rober v. Northern P. R. Co. 25 N. D. 394, 410, 426, 142 N. W. 22. It was likewise not error, in view of the record, to charge the jury that the defendant was presumed to know the statute involved, and was bound by the directions given by his man, Gronke, who was in charge of this woodyard and the saw.

Upon this record prejudicial error may not be predicated upon the

46 N. D.—27.

remarks made by the plaintiff's counsel in his address to the jury. Evidence was adduced, and many remarks were made by both counsel in this case, which, considered by themselves, might well be termed prejudicially erroneous. However, without, in any manner commending such conduct, it is held that both parties are equally culpable, and the defendant is not in a position to complain. It is fair to assume that the jury, if influenced at all, were influenced one way as much as the other. The trial court of its own motion might properly have restrained such remarks. The court fairly instructed the jury upon the measure of plaintiff's recovery. The record, pursuant to the finding of the jury, discloses clearly a liability for violation of the statute. The judgment and order is affirmed, with costs.