IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1918

---

ANTHONY LAROSE, RESPONDENT, v. ARMAND T. NICHOLS, APPELLANT.

Submitted December 6, 1917—Decided March 6, 1918.

1. The fact that an infant undertakes to go into business on his own account does not enable him to make a binding contract, even though such contract be necessary for the successful prosecution of his business.

2. The non-enforceability against infants of contracts entered into by them is a matter of public policy, the purpose of which is the protection of the infant; and an infant will not be held by a court of law to have deprived himself of this protection by falsely representing himself to be of age.

---

On error to the Atlantic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Louis E. Stern.*

For the defendant in error, *Morris Bloom.*

(355)

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is an action in replevin brought to recover possession of an automobile which the plaintiff stored in the defendant's garage.   The defendant refused to surrender possession of the machine, claiming that there was due to him from the plaintiff a sum of money for repairs, supplies, &c., as well as for storage, and that he was entitled to a lien upon the machine under chapter 312 of the laws of 1915.   At the trial the plaintiff admitted that the car had been stored by him in the defendant's garage, and that the supplies had been furnished, and the repairs made, as alleged by the defendant, but he repudiated any obligation to compensate the defendant therefor, upon the ground that he, the plaintiff, was then, and still is, an infant under the age of twenty-one.   The defendant admitted this to be the fact, but asserted that at the time the automobile was left with him for storage the defendant represented himself as being of full age, and the plaintiff conceded that he made such representation.

The case was tried by the court without a jury by consent of the parties and resulted in a finding in favor of the plaintiff.   From the judgment entered upon this finding the defendant has appealed.

The defendant bases his right to a reversal of the judgment under review upon two grounds—*first,* that in storing and repairing the plaintiff's automobile, and supplying it with gasoline, the defendant was furnishing him with necessaries, and that, for this reason, infancy was no bar to his right to recover fair compensation, and, therefore, no bar to his right of lien under the statute; *second,* that, having represented himself to be over age at the time he entered into the contract with the defendant for the storing, &c., of the automobile, he is estopped by the fraud from setting up infancy for the purpose of avoiding liability under the contract.

The plaintiff at the time of entering into the contract was engaged in operating his automobile in Atlantic City as a common carrier, under a license from the municipality, and the argument is that whatever was furnished to him to enable

him successfully to carry on this business came within the description of "necessaries," and that for this reason plaintiff was bound by his contract. We think this contention cannot be supported. As was said by this court more than one hundred years ago, in *Houston v. Cooper*, 3 *N. J. L.* 431, the fact that an infant undertakes to go into business on his own account "does not cure the incapacity of his infancy. It is the real or supposed incapacity of mind in the infant to make judicious contracts that the law renders invalid his bargains, and the more contracts he makes the more danger of injury and ruin to himself, which the law is intended to guard against." The soundness of the view thus expressed has never since been doubted by our courts, so far as we are aware, and it meets with our approval.

The second ground of attack upon the judgment is also, we think, without legal merit. It may be that a court of equity would refuse relief to the plaintiff under the conditions existing in the present case, but in a court of law he is entitled to stand on his legal right, and to set up infancy as a defence to a contract entered into by him, notwithstanding the fact that he induced the other party to the contract to enter into it by a false representation as to his age. The non-enforceability against infants of contracts entered into by them is a matter of public policy, the purpose of which is the protection of the infant; and to hold that an infant can deprive himself of this protection by falsely representing his age would be, as it seems to us, in plain disregard of that policy, and greatly lessen the value of the rule.

The contract for the storing, &c., of the plaintiff's automobile, having no binding force, and imposing upon the plaintiff no legal liability to pay for the service rendered him, it follows that the defendant had no enforceable lien on the automobile by force of the act of 1915; for the lien given by that statute is predicated upon the legal obligation of the owner of the machine to pay. *Hall v. Acken*, 47 *N. J. L.* 340.

The judgment under review will be affirmed.