SCHILLY *v.* BAKER.

(*Jackson,* April Term, 1947.)

Opinion filed May 3, 1947.

ROBERT M. NELSON and W. WRIGHT MITCHELL, both of Memphis, for plaintiff in error. ..

SAM TAUBENBLATT, WALTER P. ARMSTRONG, and WALTER P. ARMSTRONG, JR., all of Memphis (ARMSTRONG, MCCADDEN, ALLEN, BRADEN & GOODMAN, of Memphis, of counsel), for John Schilly and others.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit for damages for personal injuries filed by the plaintiff, John Schilly, a minor under sixteen years of age, by his next friend, against his employer, Henry D. Baker, who operated a grocery and butcher shop in Memphis. The declaration alleged: ''While in the employ of the defendant, on or about October 20, 1944, plaintiff was engaged in grinding meat on a grinding mill of the defendant's under their orders and direction, when his right hand was caught in the machinery of said mill, and three fingers, namely the ring, middle and index fingers, were cut off.''

The declaration further alleged that the defendant was negligent in that he had violated the child labor law of the State as set out in section 5316 of Williams' Code.

The pleas filed by the defendant denied that he had violated any statute or had been guilty of any negligence, but averred that the injuries received by the plaintiff were due to his own direct and proximate negligence in

placing his hand some six inches down into the hopper of the machine, so that his fingers came in contact with the revolving worm and caused them to be cut off.

A motion for a directed vedlict for the defendant was duly made and overruled; and upon the hearing there was a verdict by the jury in favor of the plaintiff for $2,500, which was approved by the trial judge, and a motion for a new trial overruled. This judgment was affirmed by the Court of Appeals. We have heretofore granted *certiorari* and the case has been argued.

The plaintiff was nearly fifteen years of age at the time he was injured, and was employed to work for the defendant after school hours on Fridays and all day on Saturdays and had been working for him about four weeks. The defendant operated a grocery store in the back part of which was a butcher shop, and in this shop was a sausage grinding mill or machine which was run by electricity and at the top of which was a hopper or bowl in which the meat to be ground was placed by hand and then pushed or packed down with a plunger or pusher. It was about six inches from the top of this bowl to the bottom where the worm screw caught the meat and ground it into small pieces, and the plaintiff had used this machine several times before the accident. Previously, the plaintiff had worked in a butcher shop and operated a grinding mill, but it was not of the same type as the one on which he was hurt.

The plaintiff was an intelligent boy in the tenth grade at school and was studying mechanical drawing at a night school. He was employed to wait on customers, slice bacon and grind sausage at the Baker Store. He testified that when he got hurt he was taking meat out of a bucket and putting it into the hopper of the machine to be ground, and that in doing so the worm caught his fin-

gers and cut them off. He also testified that he knew that if he got his fingers down too far into the machine they would be cut off and that he let his hand go down too far. When asked if he was looking at the bowl at the time he put his hand into it, he answered he was "looking sideways," not looking down into the bowl.

Section 5316 of Williams' Code provides as follows: "Unlawful to employ children under sixteen in what work.—No child under the age of sixteen years shall be employed, permitted, or suffered to work at any of the following occupations or in any of the following positions: Repairing machine belts, while in motion, in any workshop or factory, or assisting therein in any capacity whatever; adjusting any belt to any machinery; oiling or cleaning machinery or assisting therein; operating or assisting in operating circular or band saws, wood shapers, wood jointers, planers, sandpaper or wood-polishing machinery; picker machines, machines used in picking wool, machines used in picking cotton, machines used in picking hair, machines used in picking any upholstering material; paper-lacing machines, leather-burning machines in any tannery or leather manufactory; job or cylinder printing presses operated by power other than foot power, emery or polishing wheels used for polishing metal, wood-turning or boring machinery, stamping machines used in sheet metal and tin-ware manufacturing, stamping machines in washer and nut factories, corrugating rolls, such as are used in roofing and washboard factories; steam boilers, steam machinery or other steam generating apparatus, dough brakes or crackery machinery of any description; wire or iron straightening machinery, rolling mill machinery, punches or shears; washing, grinding, or mixing mills; calendar rolls in rub-

ber manufacturing; laundering machinery; dipping, drying, or packing machines; or in mines or quarries."

The first contention made by the defendant is that this little sausage mill operated in his retail grocery store is not such a mill as was contemplated by the statute; and second, that the plaintiff is an intelligent boy and his action for damages is barred by his own contributory negligence as a matter of law.

Webster's New International Dictionary, (2 Ed.), defines a "mill" as follows:

"A building provided with machinery for grinding grain into flour; hence, a machine for grinding or comminuting grain, and, by extension, other material, by rubbing and crushing it; as, a coffee mill; a bone mill.

"A machine for expelling juice, sap, etc., from vegetable tissues by pressure, grinding, etc.; as, a cider mill; a cane mill."

Words & Phrases, Perm. Ed., p. 187, defines a "mill" as follows: "A 'mill,' as defined by Webster, has two significations: (1) 'A complicated engine or machine for grinding and reducing to small particles grain, fruit, or other substance, or for performing other operations by means of wheels and a circular motion, as a grist mill for grain, a coffee mill, a cider mill, a barkmill. The word is now extended to engines or machines moved by water, wind, or steam, for carrying on many other purposes.' (2) 'The house or building that contains the machinery for grinding.' State v. Livermore, 44 N. H. 386, 387."

It will be noted that section 5316 of the Code is directed at occupations or positions rather than to the place where the protected minor is prohibited from working. We are of opinion that the term "mill," as used in the Code section quoted, includes the sausage grinding mill by which the plaintiff was injured. It is a machine

for grinding meat into sausage, operated by electricity, and the plaintiff was employed in "operating" a "grinding mill."

The next defense interposed is that the plaintiff was guilty of such contributory negligence as a matter of law as to prevent a recovery.

■ It should be borne in mind that the trial judge took the view that plaintiff was not barred by his contributory negligence and, therefore, submitted the case to the jury upon the proposition. There was a recovery for the plaintiff, and the judgment of the circuit court was affirmed by the Court of Appeals; hence the question of contributory negligence was submitted to and passed upon by the jury. Under the facts of this case we are of the opinion that reasonable men might draw different conclusions as to the question of contributory negligence; and, therefore, under the authority of *Osborn et al.* v. *City of Nashville,* 182 Tenn. 197, 185 S. W. (2d) 510, the plaintiff was not guilty of contributory negligence as a matter of law.

■ Nor do we think that under the facts the verdict is excessive. A similar case to the present one is *Green* v. *Appleton Woolen Mills,* 162 Wis. 145, 151, 155 N. W. 958, 960. There plaintiff, a minor, received an injury to his left arm when it was caught and drawn into the rollers of a carding machine in the operation of which he was employed in violation of a child labor statute. A verdict of $4500 was returned in his favor. Complaint was made that the verdict was excessive, and an appeal was taken to the Supreme Court of Wisconsin. In affirming the judgment, that Court said: "The damages assessed are high. The injury, however, was severe, and, inasmuch as the trial court did not see fit to reduce the

damages, we cannot say that they are excessive to the extent that this court should interfere."

The same view was taken by the Kansas City Court of Appeals in *Washburn* v. *Empire Printing Co.*, Mo. App. 1923, 249 S. W. 709, another similar case, in which $2,500 was held not to be excessive damages for the loss of one finger of the left hand, severed between the first and second joints, by a minor only three months short of sixteen years of age, and employed to operate a power press in violation of a child labor statute.

The Court of Appeals held in this case in a concurring opinion, in which five of the nine judges joined, that contributory negligence is not a bar to an action brought under the child labor law.

The leading case in this State on which the defendant relies is *Queen* v. *Dayton Coal & Iron Co.*, 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82, 49 Am St. Rep. 935. That case was decided in 1895, and the Court does state in the opinion that contributory negligence can be a defense to an action under the child labor law. This expression was not necessary to a decision in that case. The trial court instructed the jury that the child labor law did not apply, as it provided only a penalty for noncompliance, and not for civil damages. This was the only question determined on appeal, the Court holding that it did apply. It does not appear whether any question of contributory negligence was involved or not.

In the case of *Knoxville News Co.* v. *Spitzer*, 152 Tenn. 614, 637, 279 S. W. 1043, 1049, the Court considered the question of contributory negligence, and in refusing to hold that a minor's misrepresentation of his age would bar an action under the child labor law, said: "Neither can we take the view of the Court of Appeals that a minor unlawfully employed under these statutes becomes, under

the facts of this case, a trespasser or licensee, and that there is no duty owed to him, save to refrain from willfully injuring him. So to hold, under the above authorities, would be to permit the minor, by his own misrepresentation, to repeal the law passed for his advantage, open the door to repeated violations thereof, and would deprive the employer of the legal duty resting upon him, at his peril, to ascertain the age. So to hold would relieve the employer of the absolute and unconditional duty imposed upon him by the statute, and which under the decisions rests upon him.''

The Court then quoted with approval from two cases of other states at pages 640 and 641 of 152 Tenn., at pages 1050, 1051 of 279 S. W., as follows:

''It establishes the definite policy of the state upon one phase of child labor. The employer must not employ about dangerous machinery boys under sixteen. We hold in harmony with the holdings elsewhere that contributory negligence and assumption of risks are not defenses open to the employer.'' *Dusha, Adm'x*, v. *Virginia & Rainy Lake Co.*, 1920, 145 Minn. 171, 176 N. W. 482, 23 A. L. R. 632.

''There is great conflict in the authorities on these points, but we are inclined to the view that the defenses of assumption of risk and of contributory negligence are not available to the defendant'' *Terry Dairy Co.* v. *Nalley,* 1920, 146 Ark. 448, 225 S. W. 887, 12 A. L. R. 1208.

It is true that the Court of Appeals in *Ballow* v. *Postal Telegraph Co.*, 12 Tenn. App. 348, held that contributory negligence would be such a bar; but in the concurring opinion in the present case a majority of that Court admit that the holding is contrary to the *Spitzer Case, supra,* ''and out of step with the great current of modern judicial authority.''

In 35 Am. Jur., Master and Servant, sec. 246, it is said: ". . . the tendency of later decision is toward the view that contributory negligence is not available as a defense to injuries sustained as a result of wrongful employment of a minor under the statutory age, . . . ."

In the concurring opinion of the Court of Appeals in the case now before us it is said: "The machine age has brought hitherto unheard-of dangers to lives and limbs of children in industry. It was to protect such children from their incapacity to protect themselves from such dangers that legislatures passed laws to keep children out of dangerous employments; and courts should not, through the common-law doctrine of contributory negligence, let the very incapacity these laws were meant to guard against be the means of defeating their humane and enlightened purposes."

Adopting the view of modern authority and bearing in mind the design and object of the child labor laws in this fast developing machine age, we are of the opinion that contributory negligence is not a defense in this class of cases.

It results that all the assignments of error are overruled and the judgment of the Court of Appeals is affirmed.

All Justices concur.